Long-RK v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-060-CR

Â Â Â Â Â RODNEY KEITH LONG,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 30,149
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On March 20, 1996, we received a copy of Rodney Long's notice of appeal and the trial court
clerk's information form regarding his appeal.


 Tex. R. App. P. 40(b)(1). According to these
sources, Long pled guilty to "Forgery by Passing", and his probation was continued with the
added requirement that he enter a Substance Abuse Felony Punishment Facility. On June 6, 1996,
he filed a motion to withdraw his notice of appeal and asks that we dismiss his appeal.
Â Â Â Â Â Â In the relevant portion, Rule 59 of the Texas Rules of Appellate Procedure states:
(b) Criminal Cases. The appeal may be dismissed if the appellant withdraws his notice
of appeal at any time prior to the decision of the appellate court. The withdrawal shall
be in writing signed by the appellant and his counsel and filed in duplicate with the clerk
of the court of appeals in which the appeal is pending . . . . Notice of the dismissal shall
be sent to the clerk of the trial court in which notice of appeal was filed. 
Id. 59(b).
Â Â Â Â Â Â Long and his attorney have both signed the motion, as required by the rule. Id. We have not
issued a decision in this appeal. Thus, his notice of appeal is withdrawn.
Â Â Â Â Â Â Long's appeal is dismissed. Id.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed June 12, 1996
Do not publish



dentifying
information.  Officer Bolton placed the evidence in the evidence locker.Â  It
remained in the evidence locker until the time of trial.Â  Officer Bolton
identified StateÂs Exhibit 1 at trial.Â  Tagging an item of physical evidence at
the time of its seizure and then identifying it at trial based upon the tag is
sufficient for admission barring any showing by the defendant of tampering or
alteration. Â Stoker v. State, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989).Â 
There is no evidence of tampering with StateÂs Exhibit 1.Â  The trial court did
not err in admitting the evidence.Â  We overrule the first issue.

DNA Testimony and StateÂs Exhibits 8-16

Â Â Â Â Â Â Â Â Â Â Â  Dr. Matthew Cox testified
that he examined S.M. and collected specimens and samples from her.Â  Dr. Cox
submitted each sample and specimen in a standardized kit.Â  Dr Cox placed the
evidence in a box, sealed the box, and labeled it with identifying
information.Â  The evidence was placed in a lock box at Parkland Hospital.Â  The
contents of the kit were marked as StateÂs Exhibits 8-16, and StateÂs Exhibit
18.Â  Dr. Cox identified these exhibits at trial.

Â Â Â Â Â Â Â Â Â Â Â  Amanda Lehrmann, a forensic
biologist at Southwestern Institute of Forensic Sciences, testified that the
key to the lock box at Parkland Hospital is kept in the laboratory and accessed
only by biology personnel or direct supervisors.Â  She testified that evidence
is removed from the lock box three times a week and taken to the laboratory.Â 
Lehrmann testified that when she received the kit, it was intact and sealed.Â 
Lehrmann said that SWIF labeled each piece of evidence and sealed the evidence
after testing.Â  Lehrmann supervised Daniel Tang, who was in training, in
testing the evidence.Â  Both Lehrmann and Tang signed the report detailing the
evidence and results of the testing. After all testing is complete, the
evidence is sealed and returned to the investigating agency.Â  Lehrmann
identified the sexual assault kit and the samples contained in the kit at trial
and testified that the evidence had not been tampered with in any way.

Â Â Â Â Â Â Â Â Â Â Â  Courtney Ferreira, a
biologist and DNA analyst at SWIF, testified that her department receives the
DNA samples to be tested from the serology department of SWIF.Â  The samples are
labeled with identifying information for the particular case.Â  Ferreira
testified that Ismael Parra, who was in training, performed the DNA analysis on
the samples.Â  Ferriera checked his work and approved his findings.Â  Both
Ferreira and Parra signed the report containing the results of the DNA
analysis.Â  Lehrmann, Tang, Ferriera, and Parra all testified at trial
concerning the evidence in question.

Â Â Â Â Â Â Â Â Â Â Â  There is no evidence of
tampering with StateÂs Exhibits 8 through 16 and 18.Â  The evidence was properly
identified at trial, and the State showed the beginning and the end of the
chain of custody.Â  The trial court did not err in admitting the evidence.Â  We
overrule issues two and four.

StateÂs Exhibits 4, 5, and 6

Â Â Â Â Â Â Â Â Â Â Â  StateÂs Exhibit 4 is a
buccal swab from SharpÂs left cheek, StateÂs Exhibit 5 is a sample from his
right cheek, and StateÂs Exhibit 6 is an envelope in which the samples were
placed.Â  Sergeant Rodney Rickman collected the samples, packaged each sample
separately in an envelope, and labeled and sealed both samples.Â  Detective Mark
Mahoney took the two envelopes and placed them in a larger envelope, StateÂs
Exhibit 6.Â  Detective Mahoney sealed and labeled StateÂs Exhibit 6 and turned
it over to Lieutenant Ron Roark for delivery to SWIF.

Â Â Â Â Â Â Â Â Â Â Â  Lehrmann testified that the
exhibits were received at SWIF and labeled with identifying information.Â  The
DNA samples were heat sealed and placed in the freezer for DNA testing.

Â Â Â Â Â Â Â Â Â Â Â  Officer Rickman identified
the exhibits at trial, and stated that they had not been tampered with in any
way.Â  The trial court did not err in admitting StateÂs Exhibits 4, 5, and 6.Â 
We overrule the third issue.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs
judgment.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AL SCOGGINS

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Before Chief
Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Scoggins

Affirmed

Opinion
delivered and filed August 31, 2011

Do not publish

[CRPM]

Â 








Â 









[1] S.M. identified ÂstuffÂ as the male genitalia and sex organ.